IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FREDDIE L. BREWER, 1570551,<br>Petitioner, | )<br>)<br>) |
| v. | ) No. 3:12-CV-247-B<br>) |
| RICK THALER, Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>Respondent. | )<br>)<br>)<br>)<br>) |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

### PROCEDURAL BACKGROUND

Petitioner challenges his conviction for unlawful possession of cocaine with intent to deliver, enhanced by a prior felon, in this habeas corpus proceeding brought under 28 U.S.C. § 2254. *State of Texas v. Freddie Brewer*, F-0752145-P (203rd Dist. Ct., Dallas County, Nov. 19, 2008). He was sentenced to life in prison. On March 31, 2011, the Texas Fifth District Court of Appeals affirmed Petitioner's conviction and sentence. *Brewer v. State*, No. 05-08-01653-CR, 2011 WL 1169243 (Tex. App. – Dallas 2011, pet. ref'd). On September 14, 2011, the Court of Criminal Appeals denied the petition for discretionary review. PDR No. 1060-11.

On April 5, 2011, Petitioner filed a state petition for writ of habeas corpus. On January 11, 2012, the Texas Court of Criminal Appeals dismissed the petition because it was filed before mandate issued on Petitioner's direct appeal.

On January 19, 2012, Petitioner filed the instant § 2254 petition. He argues:

1. The evidence is insufficient to support the conviction;

2. His Confrontation Clause rights were violated;

3. The appellate court lacked jurisdiction;

4. The trial court lacked subject matter jurisdiction;

5. He was denied adequate time to prepare for trial;

6. He was denied effective assistance of counsel;

7. He was denied the right to represent himself on appeal; and

8. He was denied the right to a speedy trial

On July 6, 2012, Respondent filed his answer. On July 20, 2012, Petitioner filed a reply. The Court determines the petition should be dismissed for failure to exhaust state remedies.

## EXHAUSTION OF STATE COURT REMEDIES

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A

federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

In this case, Petitioner filed claims one and two in his petition for discretionary review. These claims are exhausted and the Court could review these claims if Petitioner did not include the additional claims from his state habeas petition. The Court of Criminal Appeals dismissed Petitioner's state habeas petition because he filed it in the trial court before mandate had issued on his direct appeal. Consequently, the Court of Criminal Appeals did not review the merits of the habeas petition and the claims filed in the habeas petition are unexhausted. Petitioner has therefore filed a mixed petition containing both exhausted and unexhausted claims. A mixed petition must be dismissed for failure to exhaust state remedies.[1] *Plier v. Ford*, 542 U.S. 225, 227 (2004) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)).

---

[1] A petitioner may also file a motion to stay the federal proceedings while he exhausts state remedies. *Rhines v. Weber*, 544 U.S. 269, 278 (2005) (stating petitioner must show good cause for the failure to exhaust, that unexhausted claim is potentially meritorious, and that petitioner has not engaged in intentional dilatory tactics).

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court dismiss the habeas corpus petition without prejudice for failure to exhaust state court remedies unless, within fourteen days of this Court's Findings, Conclusions and Recommendation, Petitioner amends his petition to delete any unexhausted claim.

Signed this 18 day of Sept, 2012.

_____
PAUL D. STICKNEY
UNITES STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).